# Robert T. Sullivan and John W. Sullivan v. Louis Demas and Mavis M. Demas
# Louis Demas et ux v. Robert T. Sullivan et al

[ 205 A.2d 818 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1964

*Reginald T. Abare* and *John E. Bernasconi* for Sullivan.

*Davis, Martin & Free* for Demas.

**Smith, J.** The parties, by agreement, tried the two above actions together before the Washington County Court. Findings of Fact were made by the court below applicable to both cases. No exceptions to the Findings of Fact were taken below by either of the parties. The lower court rendered a single judgment order pertaining to both actions. Its effect was to dismiss the action of *Demas et ux* v. *Sullivan et al,* No. 1947; and to grant a judgment for costs for the plaintiffs in the action of the Sullivans against the Demases, No. 1946. The Demases have duly entered their appeal here from so much of the judgment order below that dismisses their action (No. 1947) against

the Sullivans, as well as from as much of the judgment order that granted judgment to the Sullivans in their action (No. 1946) against the Demases.

The action of *Sullivan* v. *Demas* (No. 1946) was in the common counts to collect a claimed deficiency due to the Sullivans from the Demases by virtue of a promissory note secured by a chattel mortgage. The real basis of the controversy between the parties here in both suits relates to an officers's sale of a diner in the City of Barre. The diner was located on lands owned by the Sullivans, and both land and diner had been leased to the Demases, and in turn the Demases gave a real estate mortgage on the land and diner to the Sullivans.

The claim of the Demases was that the diner was part of the realty and could not be mortgaged in a chattel mortgage. This claim is apparently based on the fact that the diner was leased with the land on which it was located, to them by the Sullivans and they, in turn, gave a real estate mortgage on the lease back to the Sullivans. Subsequently, in consideration of a loan of money, the Demases gave a note and chattel mortgage to the Sullivans. The chattel mortgage was given upon the contents of the diner, beforementioned, as well as on the diner itself. The Demases, having defaulted in the payments of the note, an officer's sale was held by virtue of the chattel mortgage, and the proceeds applied on the note.

The action of *Demas* v. *Sullivan* (No. 1947) is brought in ejectment, and seeks to recover the diner from the Sullivans because of claimed irregularities in the officer's sale under the chattel mortgage, of the structure.

The judgment order, questioned here, is expressed in the following terms:

## "Judgment Order

On the basis of the Findings heretofore made in the above entitled cases

IT IS HEREBY ORDERED AND ADJUDGED:

(1) The action of plaintiff to reopen is denied, with exceptions.

(2) The action for ejectment brought by Louis E. and Mavis M. Demas is dismissed, with exceptions.

(3) Judgment for Robert T. Sullivan and John W. Sullivan with costs."

The first question that the appellants claim is presented to us is their contention that the lower court was in error in that part of the judgment order which dismissed the ejectment action of *Demas* v. *Sullivan*.

The second error claimed by the appellants is that the part of the judgment order which rendered judgment with costs for the Sullivans is void for uncertainty. It is obvious that the first question presented is applicable only to the judgment order rendered in No. 1947, the action of ejectment, while the second question relates only to the judgment as it applies to No. 1946, the action to recover a money judgment. This opinion, therefore, will separately consider the judgment order in each of the two cases in the light of the claimed errors applicable to each of them respectively.

The appellants state that the question before us in No. 1947, *Demas* v. *Sullivan,* is whether or not the lower court was in error in dismissing the ejectment action. But this is not the issue that the appellant has briefed. No argument or citation of authorities appears in the brief in support of appellants' statement that the ejectment action was wrongfully dismissed. It is not argued that appellants had such an interest in the diner as real property as would entitle them to an action of ejectment under 12 V.S.A. §4761. *Sartwell* v. *Sowles and Ladd,* 72 Vt. 270, 48 Atl. 11; 18 Am. Jur. Ejectment §20, p. 21. At most, the brief, on the question said to be presented, merely states a contention without the aid of argument or supporting authorities, and presents no question here for review. *Doyle* v. *Poule,* 121 Vt. 335, 339, 157 A.2d 226; *Knight* v. *Wiley,* 120 Vt. 256, 258, 138 A.2d 596; *New England Road Machinery Co.* v. *Calkins,* 121 Vt. 118, 122, 149 A.2d 734. If such question had been properly presented, the record disclosing that the diner in question had been treated by both parties as personal property by including it in the chattel mortgage would indicate their treatment of the diner as a trade fixture. *Dickerman* v. *Town of Pittsford,* 116 Vt. 563, 565. Ejectment does not lie for the recovery of personal property.

The Demases borrowed money on the security of the diner as personal property. The execution of a chattel mortgage upon an article annexed to the realty, is sufficient to estop the mortgagor from later disclaiming the chattel mortgage on the contention that the

mortgaged property is part of the realty. *Gordon* v. *Miller,* 28 Ind. App. 612, 63 N.E. 774, 777; 22 Am. Jur. Fixtures §14, cum. supp., p. 74.

What is presented in the brief of the appellants is claimed error in No. 9 of the Findings of Fact wherein it is stated: "The second sale, although sloppily done, was valid." Although no exception was taken to this Finding of Fact below, such an objection is properly before us in the brief of the appellant. *Bressette* v. *Knapp,* 121 Vt. 376, 378, 159 A.2d 329.

However well-founded such objection to this part of the judgment order may, or may not be, a determination by us that this Finding was in error would have no materiality on the judgment in the ejectment action, for that question is not before us. Our rule is that a finding, even if unwarranted, is not ground for reversal where it does not pertain to an essential element of the case. Supreme Court Rule No. 9; *Blanchard* v. *Knights,* 121 Vt. 29, 32, 146 A.2d 173. While the legality of the sale might also have materiality if we were concerned with the question of money damages under the question presented in *Sullivan* v. *Demas,* No. 1946, we think our opinion to follow relative to that case will demonstrate that it does not.

The judgment order dismissing the action of ejectment, No. 1947, must be affirmed.

Our consideration now turns to No. 1946, the action by the Sullivans against the Demases to recover a deficiency claimed to be due from the Demases by virtue of a certain promissory note. The relief sought was, of course, a money judgment, and evidence was presented as to the total amount due, minus certain payments and credits. The judgment rendered was "judgment for Robert T. Sullivan and John W. Sullivan for costs." The contention is that such judgment is void for uncertainty and indefiniteness.

The brief of the appellees, the Sullivans, is directed to the point that this Court had the power to correct the admitted uncertainty in the judgment from the record before us. *Doyle* v. *Poule, supra,* at 339-340.

The record before this Court does afford us the means of correcting the judgment in its uncertainty as to the money damages due from the appellants to the appellees. However, in argument before this

Court, counsel for the appellees waived their claim for money damages to which they would be entitled under a corrected judgment, thus removing the uncertainty of which the appellant complains. The entry in No. 1946 is *"Judgment affirmed."*