## Hill-Martin Corporation v. Francis W. Alling, II

[407 A.2d 168]

No. 112-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 17, 1979

*Abare, Donaghy & Nicholls, P.C.,* Barre, for Plaintiff.

*Pierson, Affolter & Wadhams,* Burlington, for Defendant.

**Per Curiam.** In a civil action tried to a jury the plaintiff sought to recover a balance due upon a promissory note that it claimed was signed by the defendant in his individual capacity. The defendant denied the claim made against him and introduced evidence tending to show that he executed the instrument as a representative of Alling Construction Company, Inc. The jury found in favor of the defendant. Following entry of the verdict the plaintiff moved to set aside the verdict and for entry of judgment notwithstanding the verdict claiming that the verdict was unsupported by the evidence and was erroneous as a matter of law. The motion was denied.

The plaintiff's appeal seeks in effect the relief prayed for in the motion for judgment notwithstanding the verdict. It may be noted that at no time did the plaintiff move for a new trial. The record reveals that the plaintiff did not move for a directed verdict before the case was submitted to the jury. By failing to move for a directed verdict at any time during trial, plaintiff cannot raise on appeal as a question of law the sufficiency of the evidence, and it was even precluded from moving for judgment notwithstanding the verdict. *Merrill v. Reville,* 135 Vt. 517, 380 A.2d 96 (1977). The issue of sufficiency of the evidence to support the verdict remains unpresented to the trial court and is therefore not preserved for appellate review. *Houghton v. Leinwohl,* 135 Vt. 380, 376 A.2d 733 (1977); *Palmisano v. Townsend,* 136 Vt. 372, 392 A.2d 393 (1978).

In its brief the plaintiff contends that the trial court erred in instructing the jury to determine whether the defendant "intended to sign the note solely as a representative or agent or officer of the corporation." At most plaintiff's

brief merely repeats its objection to the charge without the aid of argument or supporting authorities and presents no question for review. *Sullivan* v. *Demas*, 124 Vt. 397, 205 A.2d 818 (1964). This is insufficient briefing under V.R.A.P. 28(a)(4). We do not search the record for error not adequately briefed. *Quazzo* v. *Quazzo*, 136 Vt. 107, 111, 386 A.2d 638 (1978).

*Judgment affirmed.*