# Dowlings, Inc. v. Malcolm Mayo and Ronald Pierce

[409 A.2d 588]

No. 115-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

Motion for Reargument Denied November 20, 1979

*Wolchik and Williams,* Morrisville, for Plaintiff.

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.,* Burlington, for Pierce.

**Billings, J.** The plaintiff-appellee obtained a judgment in the District Court of Vermont, Unit No. 3, Franklin Circuit against Lee A. Delphia, d/b/a Lee's Restaurant, in the amount of $243.39. Plaintiff's attorney forwarded a writ of execution to the defendant Mayo who returned the execution unsatisfied. The attorney then sent an alias execution to the defendant-appellant Pierce with specific instructions as to levy. This execution was returned unsatisfied. Plaintiff thereafter filed a complaint against the defendants Mayo and

Pierce in the Washington Superior Court alleging that the defendants had failed and refused to satisfy either writ of execution and seeking mandamus compelling the defendants to obey the command of the writs of execution. Plaintiff also sought attorney's fees and costs. After trial by court it was ordered:

(1) That the defendant Mayo or the present high sheriff of Washington County and/or defendant Pierce as constable of Waterbury, properly serve an Alias Writ of Execution against the goods, chattels and lands of Lee Delphia or against cash in the cash register at any place of business of Lee Delphia.

(2) Judgment in plaintiff's favor against defendants Malcolm Mayo and Ronald Pierce, jointly and severally, in the amount of $674.36 together with costs in the amount of $32.06 for a total of $706.42, and plaintiff have execution therefor.

Both defendants appealed, but only the defendant Pierce preserved his rights of appellate review by timely filing. V.R.A.P. 4. We are confined to a review of the findings of facts, conclusions of law and judgment only as they relate to the defendant Pierce.

It is the duty of a constable to "serve and execute lawful writs . . . directed to him, according to the precept thereof." 24 V.S.A. § 293; 12 V.S.A. § 693. Defendant received a writ of execution and a letter from the plaintiff. The letter was captioned: "Dowlings, Inc. vs. Lee A. Delphia d/b/a Lee's Restaurant." It read in part as follows:

The enclosed execution should be served on Mr. Delphia at his restaurant in Waterbury. If he refuses to pay this, please satisfy this from the receipts in the cash register in the restaurant.

Any breach or neglect of defendant's duty must be measured against this instruction.

The trial court found:

[I]t was the legal duty of said defendants to either levy upon such goods, chattels and lands of the debtor as they could find or levy upon the cash in the cash register at the debtor's place of business as directed by the attorney for the Plaintiff. The defendants did neither.

This finding, however, is based upon an erroneous reading of 12 V.S.A. § 2731, which requires that the levy of execution when not paid by the debtor shall be made by the constable either "upon the goods or chattels of the debtor *or* such as are shown him by the creditor." (Emphasis added.)

■■ Where a judgment creditor informs the levying officer of the existence and location of assets known to the creditor and gives him no further instructions, the officer must levy either upon those assets or upon others. However, where, as here, the creditor gives the levying officer specific instructions concerning the manner of levy and the items to be seized, the duty placed upon the levying officer is quite different.

The party at whose instance a writ or execution has issued, or his attorney, has the right to give the officer directions as to how they shall be executed, which directions, when not in conflict with the law, the officer is bound to follow. The officer, in such case, is not bound to serve the writ in any other manner than according to directions given him. When, however, a party assumes to give special instructions to an officer in regard to the execution of process in his hands, different from his legal duty, the officer ceases to be a public officer, as to the business so entrusted to him and becomes a private agent.

*Gross* v. *Gates*, 109 Vt. 156, 162, 194 A. 465, 468–69 (1937) (citations omitted). The defendant Pierce had a duty to levy only pursuant to the foregoing instructions, which specifically direct that levy be made, after demand, on the cash register receipts at Lee's Restaurant.

■■ Mandamus is an appropriate remedy to require the person to whom it is directed to perform some act which the law enjoins as a duty as long as it is a purely ministerial act. *Bloomer* v. *Cheney*, 131 Vt. 552, 553, 311 A.2d 101, 102 (1973). In order for mandamus to lie "it must appear . . . that

the complainant has a clear legal right to the performance of the acts which he seeks to compel." *Baldwin* v. *Morse,* 126 Vt. 442, 443, 234 A.2d 434, 436 (1967). Plaintiff sought below an order directing defendant to levy upon the cash register receipts of Mr. Delphia. On proper proof such an order might be appropriate. However, the order of the court, dated May 2, 1979, commands defendant Pierce to levy against "the goods, chattels and lands of Lee Delphia or against cash in the cash register at any place of business of Lee Delphia." The plaintiff is not entitled to such an order, because he had limited the duty of the defendant.

■ Plaintiff having given defendant Pierce specific instructions concerning the levy has the burden of proving that the defendant was not influenced by them. *Willard* v. *Goodrich,* 31 Vt. 597, 599 (1859) ; *Strong* v. *Bradley,* 14 Vt. 55, 62 (1842). Absent such a showing the defendant is fully exonerated, unless the plaintiff proves dereliction in performance of the duty imposed by the limiting instructions. Assuming that such dereliction was shown, plaintiff would have been entitled to an order mandating that the defendant levy upon the cash register receipts at Lee's Restaurant, but not an order covering all goods, chattels and lands of Mr. Delphia. See *Gross* v. *Gates, supra,* 109 Vt. at 162, 194 A. at 468–69.

■ Furthermore, the trial court mandated that sheriff Mayo "and/or" defendant Pierce serve the execution. This order is not specifically mandated, but directed to two persons in the alternative. It is not a clear order to a specific person and is in error.

■ However, plaintiff is not entitled even to such a narrowly drawn order. For plaintiff to prevail, the evidence must support an affirmative finding that there existed money in a cash register which belonged to Mr. Delphia, upon which the defendant could have levied. This was not shown by the evidence. Nevertheless, plaintiff contends in this Court that the defendant was properly found to have breached the duties imposed by the special instructions given him. We decline to so hold, because no breach of that duty has been proven below.

The plaintiff further claims that it is entitled to the damages provided by 12 V.S.A. § 697, which states:

> A sheriff who wilfully refuses or neglects to serve or return such writ or precept, or who makes a false or undue return, shall be fined not more than $100.00 with costs and shall pay to the party aggrieved damages sustained thereby.

In order to recover damages pursuant to the foregoing statute, the court must find that the defendant Pierce wilfully refused or neglected to serve the writ according to the instructions given. Here there was no evidence to support such a finding.

*Judgment vacated as to defendant Pierce, and judgment entered for defendant Pierce.*