### Nadeau Lumber, Inc. v. Mark Johnson

[420 A.2d 115]

No. 274-79

Present: Daley, Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

September 8, 1980

*Myers and Gobin, Inc.*, Essex Junction, for Plaintiff.

*Lorentz & Lorentz*, Rutland, for Defendant.

**Per Curiam.** This case is an action on an account debt which the defendant-appellant, Mark Johnson, seeks to avoid on the ground that the debt was incurred by and for the benefit of Iver Johnson, Inc., a corporation now in bankruptcy, in which he is a principal officer.

The record reveals that the defendant had been in the construction business for a number of years and employed a foreman who purchased supplies and supervised the work for him. The defendant also conducted the affairs of Iver Johnson, Inc., and employed the same foreman on corporate jobs as he had on his personal ventures. The foreman testified and the defendant admitted that the foreman had authority to buy for him and that he customarily signed the defendant's name without reference to the corporation when making acquisitions for construction projects. There was some conflicting testimony concerning the foreman's actual authority as well as testimony directed to the issue of apparent authority. The trial court found that the sales slip, signed by the foreman with the name of the defendant without reference to any corporation, and the ap-

parent powers of the foreman justified imposition of liability for payment on the defendant as principal.

The defendant makes two claims of error. He first claims that the court improperly commented on the record during the plaintiff's case that the court thought "it is a judgment for the Plaintiff here." The record of the case, tried by court, reveals no motion below addressing this issue. It is, therefore, waived. Cf. *Monti* v. *Town of Northfield*, 135 Vt. 97, 99, 369 A.2d 1373, 1376 (1977) (issue of whether assistant judge improperly participated at trial waived for failure to object on the record); *Cartin* v. *Continental Homes of New Hampshire*, 134 Vt. 362, 365, 360 A.2d 96, 99 (1976) (issue of whether trial court erred in preventing attorney-client consultation during a recess waived for failure to object on the record).

■■ The second issue raises the sufficiency of the evidence to support a judgment based on apparent or implied authority. In the instant case, however, there was testimonial evidence of actual authority. Although agency cannot be shown by the mere acts and declarations of the alleged agent out of court, *Templeton Construction Corp.* v. *Kelly*, 130 Vt. 420, 425, 296 A.2d 242, 245 (1972), the testimony of the alleged agent concerning the facts of his agency is competent evidence upon which a court may find actual authority, see *Stevens* v. *Nurenburg*, 117 Vt. 525, 536, 97 A.2d 250, 258 (1953). The foreman in the instant case testified that he customarily signed for the defendant, that he did so for the account here in question, that he had been told by the defendant to sign the defendant's individual name for such purchases, that he had never been told to sign a corporate name, and that he had purchased the supplies in question on the defendant's behalf. This is competent testimonial evidence of actual authority. Moreover, the defendant testified at deposition and at trial that the foreman had his authority to sign his individual name for purchases of supplies. Given this broad grant of authority, and the absence of evidence indicating that the defendant had ever limited it expressly or impliedly through a different manner of directing the foreman to make purchases on behalf of the corporation and on his personal behalf, it seems clear that the court below properly concluded there was actual authority in the foreman to make the instant purchase.

While the Court is mindful that the benefits of this purchase may have passed directly to the corporate entity and not to the defendant, the issue of actual authority does not turn here upon the person to whom the benefits flow, but upon the communicated grant of authority to act.

*Affirmed.*