**Laurel Zinn, Administratrix of the Estate of Richard A. Zinn v. Tobin Packing Company, Inc.**

**Tobin Packing Company, Inc. v. Laurel Zinn, Administratrix of the Estate of Richard A. Zinn**

[438 A.2d 1110]

Nos. 350-78 and 423-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 5, 1981

*Robert E. Manchester* of *Lisman & Lisman,* Burlington, for Plaintiff.

*Richard A. Hull* and *Frank E. Zetelski* of *Dick, Hackel & Hull,* Rutland, for Defendant.

**Billings, J.** These cases arise by reason of a complaint initially filed by the plaintiff-appellee Zinn against the defendant-appellant Tobin Packing Company (Tobin). Plaintiff Zinn, administratrix of the decedent's estate, sought damages for defendant Tobin's negligence arising out of a head-on collision on May 21, 1976, on U.S. Route 9 in Searsburg, Vermont. The collision was between a tractor and

tank trailer owned by Merrill Transport Company and operated by the decedent Zinn and a tractor-trailer operated by the defendant Tobin's employee in which another employee was a passenger. The tractor-trailer trucks were going in opposite directions, travelling east and west, and the collision occurred in a curve near the lower portion of a long hill. Both drivers and the passenger were killed in the accident.

The jury, pursuant to the doctrine of comparative negligence, determined that the respective parties were fifty per cent negligent, and plaintiff Zinn obtained a judgment on September 12, 1978, against defendant Tobin for $250,000. 12 V.S.A. § 1036. From this judgment defendant Tobin appealed. In 1980, prior to argument, this Court remanded the cause to Bennington Superior Court for the limited purpose of entertaining defendant Tobin's motion for a new trial or other relief from judgment pursuant to V.R.C.P. 60(b) but retained jurisdiction of the appeal. *Zinn v. Tobin Packing Co.*, 138 Vt. 635, 415 A.2d 762 (1980). The trial court denied defendant Tobin's motion for a new trial. Simultaneously, defendant Tobin commenced an independent action for a new trial on the basis of newly discovered evidence and for relief from the prior judgment. V.R.C.P. 60(b)(2). The trial court dismissed the independent action of defendant Tobin holding that the newly discovered evidence was inadmissible. Defendant Tobin appeals that order. The two appeals were heard together in this Court.

Defendant Tobin claims error in the original case in the reception of rebuttal evidence and the exclusion of surrebuttal evidence. One of the defendant's witnesses, although only an ear witness to the accident and not an eyewitness, was allowed to testify as to the noise the trucks made just prior to the accident. The witness testified that the noise was so loud she had to plug her ears, and that in her opinion, the louder the noise, the faster the speed of the vehicle. In rebuttal, the plaintiff sought to introduce testimony by an expert that, based on tests he made at the scene of the accident, there was no correlation between the loudness of a vehicle and its speed. The level of noise depended more on gearing than on speed.

The substance of this expert's testimony had not been disclosed to defendant until August 18, 1978, the trial having

already been in progress since June 10, 1978. Defendant claims that the testimony should have been excluded because the plaintiff made thirteen sound tests between July 18, 1978, and August 1, 1978, and failed to seasonably supplement the defendant's interrogatories as required by V.R.C.P. 26(e). Rule 26(e) provides in pertinent part as follows:

> A party is under a duty seasonably to supplement his response with respect to any question directly addressed to . . . the identity of each person *expected to be called* as an expert witness at trial, the subject matter on which he is *expected* to testify, and the substance of his testimony.

V.R.C.P. 26(e)(1)(B) (emphasis added).

The rule is clear. The plaintiff had no duty to supplement the interrogatories until such time as she expected she would actually use such evidence in rebuttal. In most cases, it is difficult for a party to decide what evidence will be used in rebuttal until after the opposing party's case-in-chief has ended. In the case at bar, the defendant rested on August 16, 1978. On August 18, 1978, the defendant learned of the testimony of the plaintiff's expert. This was a timely notification, and therefore the testimony should not have been excluded.

Moreover, the trial court has wide discretion in matters involving pre-testimony disclosure after the commencement of a trial. 8 C. Wright & A. Miller, Federal Practice & Procedure § 2050, at 325–26 (1970). At the time the defendant was first surprised by the proposed testimony of the plaintiff's expert, defendant should have requested a continuance and failure to do so waived any rights based thereon. *Meacham* v. *Kawasaki Motors Corp.*, 139 Vt. 44, 46, 421 A.2d 1299, 1300 (1980). On the record here there is no abuse of discretion especially in view of the fact that the trial court excluded all of the thirteen sound tests made by the expert and only allowed the witness to testify on a limited basis on sound and speed as it had done for the defendant's ear witness.

Defendant claims that the trial court erred in preventing surrebuttal, but, in view of the plaintiff's expert testimony being limited and the exclusion of all testing data, there

was nothing to surrebut. The testimony of the defendant's witness would have been repetitious and not within the scope of rebuttal. No error appears. At best, any passing reference to the sound testing data was de minimis, and, as has been often stated, the parties are entitled to a fair, but not necessarily perfect, trial.

In April 1980, the defendant discovered, more than one and one-half years after judgment was entered in the original action, a witness who had been an eyewitness to at least a portion of the accident. As a result, on April 19, 1980, the attorney for the defendant, without notice to the plaintiff, went to the State of New York, had the witness sworn before a Vermont notary public, and took a detailed statement, On July 3, 1980, prior to the hearing on plaintiff's motion for summary judgment in connection with the independent action, the proposed witness died. The trial court dismissed the complaint on the ground that the newly discovered evidence, namely the testimony of the eyewitness as recorded on April 19, 1980, was inadmissible because the plaintiff was not notified of the taking of the statement, had no opportunity for cross-examination, and the testimony, being hearsay, did not come within any exception to the hearsay rule as recognized within this jurisdiction.

█ Defendant's motion seeks relief on the sole basis of newly discovered evidence. V.R.C.P. 60(b)(2). Having been brought more than one year after the judgment order, it is untimely. V.R.C.P. 60(b); *Brown* v. *Tatro,* 136 Vt. 409, 411, 392 A.2d 380, 382 (1978). Whether or not defendant can proceed as an independent action is unnecessary to decide here because of the absence of allegations of fraud. See *Mower* v. *Warner,* 16 Vt. 495 (1844).

█ A motion for relief of judgment pursuant to V.R.C.P. 60(b)(2) is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused. *Waitt* v. *Waitt,* 137 Vt. 374, 375, 406 A.2d 395, 396 (1979); *Kotz* v. *Kotz,* 134 Vt. 36, 40, 349 A.2d 882, 885 (1975). Defendant urges that the transcribed evidence of the witness be admissible as an

exception to the hearsay rule pursuant to the Federal Rules of Evidence, Rule 804(b)(5), which provides as follows:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, [may be admitted] if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Vermont has not adopted the Federal Rules of Evidence and ex parte affidavits, where there is no notice to the opposing party nor an opportunity to cross-examine, are neither legal nor competent evidence to prove any fact in issue. *Viles* v. *Moulton,* 13 Vt. 510, 516 (1841). See *Billings* v. *Metropolitan Life Insurance Co.,* 70 Vt. 477, 478–79, 41 A. 516, 516 (1898); 5 Wigmore on Evidence § 1384, at 84–86 (rev. ed. J. Chadbourn 1974). But even if the Federal Rules of Evidence had been adopted in Vermont, the transcribed evidence does not meet the standards of trustworthiness required by Rule 804(b)(5). The trial court's order of dismissal with prejudice is without error.

*Affirmed as to Docket No. 350-78 and Docket No. 423-80.*