Mario Corti, Anne Batten, and John Mitchell v. Noel Lussier
and Joseph Souliere

[438 A.2d 1114]

No. 168-79

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 12, 1981

*John A. Burgess* of *Garry, Dreyfus, McTernan, Brotsky, Stender, Herndon & Walsh, Inc.,* San Francisco, California, for Plaintiffs.

*Gensburg & Axelrod,* St. Johnsbury, for Defendants.

**Peck, J.** This appeal results from a jury verdict for the defendants-appellees in an action brought by the plaintiffs-appellants seeking damages for an acreage deficiency in a land sale transaction. The appellants claim that the trial court erred in permitting the jury to take notes, and in its charge to the jury concerning sales of land in gross. We find both claims to be without substance, and we affirm.

On November 4, 1968, the appellees contracted to sell the appellants the so-called Beauregard Farm in Holland, Vermont. The contract specified that "approximately" 900 acres of land were to be conveyed for an agreed purchase price of $72,000. The appellees subsequently conveyed the property to the appellants by warranty deed with a recital that the property contained 900 acres more or less.

By 1971 the appellants suspected that the parcel contained less than 900 acres of land. Despite this suspicion they began to subdivide and sell off the property. In 1973 the appellants had their remaining land surveyed and learned that the parcel, as conveyed by the appellees, contained approximately 781 acres of land. The appellants proceeded to sell the remainder of the parcel and in April, 1977, brought the present action.

At the beginning of the trial the appellants' counsel observed jurors taking notes and properly raised his objection at a bench conference. The court overruled his objection and refused to instruct the jurors to refrain from taking notes. It is not clear from the record whether jurors began taking notes of their own volition or in response to a permissive instruction from the court. In their brief the appellees claim the court so instructed the jury. The appellants contend that in either case the trial court committed reversible error when it overruled their objection and allowed the jurors to take notes during trial.

Only once before has this Court passed on the propriety of the taking of notes by jurors. In *State* v. *Emrick*, 129 Vt. 475, 483, 282 A.2d 821, 826 (1971), we registered our disapproval

of the practice. We are cognizant that the majority of states that have considered the question have by statute, court rule, or judicial decision allowed note-taking by jurors at the discretion of the trial court. ABA Standards, Criminal Justice, V. III § 15-3.2 (1980). See also Comment, *Taking Note of Note-Taking*, 10 Colum. J. L. & Soc. Prob. 565, 587 (1974). Nevertheless, such a significant departure from established policy should be made only after full consideration in our rule-making process. *State* v. *Myott*, 140 Vt. 267, 436 A.2d 781 (1981).

■■ We did not hold in *Emrick*, as the appellants apparently contend, that the taking of notes by jurors is inherently prejudicial. On the contrary, we held that juror note-taking does not constitute reversible error unless the objecting party shows that prejudice actually resulted. *State* v. *Emrick, supra*, 129 Vt. at 483, 282 A.2d at 826. The appellants make no claim of prejudice; therefore, their claim of error must fail. V.R.C.P. 61.

The appellants next claim that the trial court "erred in its charge relating to sales in gross." We disagree.

■ The presiding judge delivered his instructions both orally and in writing to the jury.[1] We are unable to determine from the appellants' brief precisely what part of the charge "relating to sales in gross" is under attack. Moreover, the appellants in their brief have failed to state distinctly *how* they believe the court's charge was erroneous. It is firmly established that this Court is not required to, and usually will not, search the record for error inadequately briefed. *Hill-Martin Corp.* v. *Alling*, 137 Vt. 432, 434, 407 A.2d 168, 169 (1979); *In re Wright*, 131 Vt. 473, 490, 310 A.2d 1, 10 (1973). Because this case was submitted on briefs only, V.R.A.P. 34(f), we have decided in the interests of justice to review this claim of error notwithstanding the appellants' neglect.

---

[1] We have not previously passed on the propriety of a trial court submitting written instructions to the jury. As neither party objected below or raised the matter on appeal, the issue is not before this Court. *Nadeau Lumber, Inc.* v. *Johnson*, 138 Vt. 556, 558, 420 A.2d 115, 116 (1980).

The trial court instructed the jury in part, that:

In a sale in gross, the general rule is that an error in quantity, arising from the mutual mistake of the parties and which affects the substance of the sale, gives rise to a cause of action for rescission of the sale. But in the absence of fraud, no refund for a deficiency can be allowed. In other words, if the sale is a sale in gross and if there is a mistake as to the amount of acreage, the buyer's remedy is to rescind the sale, convey the property back to the seller and obtain a refund of the purchase price, unless there has been a fraud on the part of the seller in which case the buyer can seek money damages.

The charge as given fully complies with this Court's holding in *Moonves* v. *Hill*, 134 Vt. 352, 360 A.2d 59 (1976). A different instruction is not required, as the appellants maintain, merely because the land in question was designated by name in the deed (the Beauregard Farm) rather than by a metes and bounds description. It was the appellants' burden to establish that the instruction was erroneous, and that such error was prejudicial. *Currier* v. *Letourneau,* 135 Vt. 196, 205, 373 A.2d 521, 528 (1977); *Collier* v. *Nolan,* 125 Vt. 82, 87, 211 A.2d 265, 270 (1965). This they have failed to do.

*Affirmed.*