**R. Brown & Sons, Inc. v. International Harvester Corp. and J. B. International Trucks, Inc.**

[453 A.2d 83]

No. 491-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed November 2, 1982

*John A. Burgess,* Berkeley, California, for Plaintiff-Appellant.

*Hoff, Wilson, Powell & Lang, P.C.,* Burlington, for Defendants-Appellees.

**Barney, C.J.** This case involves an alleged breach of warranty occasioned by the sale of a truck to the plaintiff. In preparing their defense, the defendants sought discovery of nu-

merous documents, including the truck log, repair invoices, tax returns and expert witness lists. In addition, the defendants first sought to depose the plaintiff in August of 1980. Following were a series of unsuccessful attempts by the defendants to complete pretrial preparations, attempts which were thwarted continually by the resistance of the plaintiff.

By mid-1981, the trial court had imposed sanctions against the plaintiff under V.R.C.P. 37(b) for its failure to comply with discovery orders. The court also ordered full compliance with discovery by August 1, 1981, on threat of automatic dismissal with prejudice. When the plaintiff still failed to comply, the court dismissed the complaint on August 5, 1981. Although the plaintiff never appealed from the August 5 dismissal, it did file on August 31, 1981, a motion for relief of judgment under V.R.C.P. 60(b). The trial court denied that motion on October 15, 1981; a timely appeal of the Rule 60(b) denial was filed on October 26.

Thus, from the ashes of what was once a breach of warranty action arises a very narrow appellate issue: did the trial court abuse its discretion in failing to grant relief from its final judgment? The short answer is no.

We note at the outset that the notice of appeal to this Court only refers to the October 15 order denying the motion for relief from judgment. Thus is created an anomaly: an appeal is taken to a Rule 60(b) order, yet the plaintiff failed to brief that issue. Issues not briefed on appeal are deemed waived. *Corti* v. *Lussier,* 140 Vt. 421, 423, 438 A.2d 1114, 1115 (1981). Moreover, the issue briefed—the propriety of the dismissal for failure to comply with discovery—was never appealed from and thus is not before this Court. See V.R.A.P. 3(d). Nor can we consider the appeal from the Rule 60(b) denial as an appeal from the August 5 judgment of dismissal, for several reasons. First of all, under V.R.A.P. 4, notice of appeal must be filed "within 30 days of the date of the entry of the judgment or order appealed from." The Rule 60(b) appeal was filed almost three months after the complaint was dismissed. Further, it is settled in Vermont that:

> [a] motion pursuant to V.R.C.P. 60(b) does not toll the running of appeal time under V.R.A.P. 4. There are some situations in which such a motion can be treated

as a motion for a new trial pursuant to V.R.C.P. 59(e), which, if timely filed, would toll the running of the appeal time. . . . For a V.R.C.P 60(b) motion to be treated as a V.R.C.P. 59(e) motion, the grounds of the motion must present facts which could not, with the exercise of due diligence by counsel, have been placed before the court before the order complained of was issued.

*In re Estate of Peloquin,* 137 Vt. 559, 561, 409 A.2d 586, 587–88 (1979). In this case, even if the Rule 60(b) appeal could be treated as a Rule 59(e) motion to amend under the *Peloquin* exception, it was filed more than ten days from the entry of the August 5 judgment, and was thus untimely. As a result, we are without jurisdiction to consider the propriety of the August 5 dismissal. See generally *Union Bank* v. *Jones,* 138 Vt. 115, 125, 411 A.2d 1338, 1344 (1980); *Dowlings, Inc.* v. *Mayo,* 137 Vt. 548, 550, 409 A.2d 588, 590 (1979).

With the course of this appeal so ill-starred, and in the interests of justice, we have reviewed the claimed abuse of discretion notwithstanding the procedural shortcomings. Cf. *Corti* v. *Lussier, supra,* 140 Vt. at 423, 438 A.2d at 1115. As we have said, "[a] motion for relief of judgment pursuant to V.R.C.P. [60(b)] is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." *Zinn* v. *Tobin Packing Co.,* 140 Vt. 410, 414, 438 A.2d 1110, 1113 (1981) (citing *Waitt* v. *Waitt,* 137 Vt. 374, 375, 406 A.2d 395, 396 (1979) (per curiam)). The burden of proving an abuse of discretion here is on the plaintiff. *Solomon* v. *Design Development, Inc.,* 139 Vt. 251, 252–53, 427 A.2d 381, 382 (1981). It is apparent from the record that the trial court properly performed its role as overseer of the discovery process and then prepared a detailed and well-supported order denying the V.R.C.P. 60(b) motion. We find no abuse of discretion.

*The order of the trial court is affirmed.*