# Joyce Cliche v. Forrest G. Fair

[487 A.2d 145]

No. 82-559

Present: Hill, Underwood, Peck and Gibson, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed December 14, 1984

*Monte & Monte,* Barre, for Plaintiff-Appellee.

*McKee, Giuliani & Cleveland,* Montpelier, for Defendant-Appellant.

**Underwood, J.** Forrest G. Fair (defendant) appeals an adverse judgment in an action for breach of an oral contract of employment with the plaintiff. The defendant raises five alleged errors on the part of the trial court.* We find these allegations to be groundless and affirm.

Taking the evidence in the light most favorable to the plaintiff as the prevailing party, as we must, the facts are as follows. Joyce Cliche, plaintiff, worked as a general housekeeper for her uncle, Forrest Fair, defendant, for the period from June 1, 1976, to August 10, 1980. Plaintiff alleges that she undertook this work on the basis of the defendant's oral promise to name her as a joint tenant, with him, with full right of survivorship, in a new deed of the defendant's homestead. On August 10, 1980, the defendant refused the plaintiff's request to make arrangements to name her such joint tenant, and the plaintiff thereafter ceased her work for him and instituted this action on November 10, 1980. Subsequently, the defendant sold his homestead for a price of $25,000 to another party, while reserving a life estate to himself.

The case was tried before the Washington Superior Court on June 8, 1982. As the defendant was unable to appear in court on that date, the defendant was granted permission to file a deposition within ten days. No such deposition was filed, and the court filed its findings of fact and conclusions of law on

---

* We note that, for three of the five issues raised on appeal, the defendant's brief merely states generalized objections to the proceedings below, citing neither case, statute nor any other authority. This constitutes inadequate briefing under V.R.A.P. 28, *Allen* v. *Department of Employment Security,* 141 Vt. 132, 134–35, 444 A.2d 892, 893–94 (1982), and we need "not search the record for error not adequately briefed." *Hill-Martin Corp.* v. *Alling,* 137 Vt. 432, 434, 407 A.2d 168, 169 (1979) (citing *Quazzo* v. *Quazzo,* 136 Vt. 107, 111, 386 A.2d 638, 641 (1978)). We also note that the defendant's printed case fails to meet the requirements of V.R.A.P. 30(a) and it alone, without the supplemental printed case submitted by the plaintiff, would not have constituted an adequate basis upon which to decide this case. Nevertheless, we will consider these allegations of error, but by so doing we do not condone such offhand briefing.

August 31, 1982. Prior to an entry of judgment, the defendant moved for relief from judgment and for a new trial. The court allowed the case to be reopened for the sole purpose of admitting the defendant's testimony by deposition. At hearings held on October 14 and 20, 1982, the court denied the defendant's request to permit additional witnesses to testify on the merits of the case. The court filed amended findings of fact, conclusions of law and order on November 15, 1982, and entered its final judgment order on December 2, 1982.

The defendant's first claim of error is that the trial judge abused his discretion in denying the defendant's motion to permit the introduction of the testimony of three witnesses who were not present at the court's hearing on June 8, 1982. As admitted in the defendant's brief, the exercise of a trial judge's control over the order of evidence presented is a matter for the discretion of the trial judge. See *Childrens' Home, Inc.* v. *State Highway Board*, 125 Vt. 93, 98, 211 A.2d 257, 261 (1965).

> Discretionary rulings are not subject to review if there is a reasonable basis for the court's action. The burden of proof is on the party alleging the abuse. To support a claim of error there must be a showing that the court failed to exercise its discretion, or exercised it for reasons clearly untenable or to an extent clearly unreasonable.

*State* v. *Savo*, 141 Vt. 203, 208, 446 A.2d 786, 789 (1982) (citations omitted). The adoption of V.R.E. 611(a) (concerning the court's control of the mode and order of interrogation of witnesses and presentation of evidence) does not alter our standard of review in this instance. On the facts before us, we are unable to find that the trial court abused its discretion in denying defendant's motion. Compare *Zinn* v. *Tobin Packing Co.*, 140 Vt. 410, 413–14, 438 A.2d 1110, 1113 (1981) (trial court did *not* abuse its discretion in denying the defendant's request for surrebuttal).

His second claim of error is that the trial court should have granted his motion requesting the presiding judge to disqualify himself from further proceedings in the case. " 'In order to maintain a colorable claim of judicial disqualification against the presiding judge, defendant must affirma-

tively show bias or prejudice directed against him.' " *State* v. *Ahearn,* 137 Vt. 253, 271, 403 A.2d 696, 707 (1979) (quoting *State* v. *Beshaw,* 134 Vt. 347, 351, 359 A.2d 654, 656 (1976)). Such a claim of "[b]ias and prejudice on the part of the court must be affirmatively and clearly shown." *In re Shuttle,* 131 Vt. 457, 461, 306 A.2d 667, 670 (1973) (citations omitted). The defendant claims that the trial judge's filing of findings of fact and conclusions of law on August 31, 1982, evinces a prejudice sufficient to disqualify the trial judge. In an analogous case, where the appellant claimed that rulings by the trial judge constituted a disqualifying prejudice, this Court reaffirmed its previous holding that " '(i)t is not enough merely to show previous adverse rulings, no matter how erroneous, or numerous (omitting citations) ; or merely to show a judge's expression of opinion, uttered in what he conceived to be the discharge of his judicial duty, based upon evidence produced before him.' " *Pettengill* v. *New Hampshire Insurance Co.,* 129 Vt. 23, 33, 270 A.2d 883, 889 (1970) (quoting *Leonard* v. *Willcox,* 101 Vt. 195, 215, 142 A. 762, 771 (1928)). In the present case, the defendant has not met his burden of proof, having filed no supporting affidavits nor presented even a colorable claim of prejudice.

■  His third claim of error is that the trial court did not consider his defense that the alleged oral contract did not comport with the Statute of Frauds, 12 V.S.A. § 181. We note that the trial court, in its amended conclusions of law, determined that the basis for the plaintiff's recovery was in quantum meruit, rather than for breach of an express oral contract. In such an instance, the Statute of Frauds does not apply. See, e.g., *D'Ambrosio* v. *Rizzo,* 12 Mass. App. Ct. 926, 926–27, 425 N.E.2d 369, 370 (1981) ("The plaintiffs' action in quantum meruit is not barred by the Statute of Frauds." (citations omitted)) ; *Peters* v. *Morse,* 96 A.D.2d 662, 662, 466 N.Y.S.2d 504, 505 (1983) ("The fact that an express contract is unenforceable because of its failure to comply with the Statute of Frauds does not mean that quasi-contractual recovery for the reasonable value of services rendered is, therefore, necessarily unavailable." (citation omitted)).

■  The defendant's fourth claim of error is that the trial court's findings of fact, conclusions of law and judgment

were not based upon credible evidence. This Court has noted that:

> findings of fact will not be set aside unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. Further, where the evidence is in conflict, such findings will stand even if the evidence predominates against them; only where the contrary proof is so overwhelming that there is no reasonable basis upon which findings can stand will they be set aside.

*Cliche* v. *Cliche,* 143 Vt. 301, 306, 466 A.2d 314, 316 (1983) (citations omitted). Upon reviewing the record before us, we are satisfied that the trial court's findings of fact, conclusions of law and judgment were substantiated.

The defendant's fifth and last claim of error appears to be that the plaintiff was not entitled to receive damages until such time as the defendant died. While the grounds for this assertion are unclear because of the manner in which it was briefed, the claimed error appears to be based upon the contention that the plaintiff would not have been entitled to any remuneration for services rendered until the defendant's death. This claim is clearly unfounded, given the facts of this case and the theory upon which it was tried. The trial court decided the present case on the theory of quantum meruit. The plaintiff was therefore entitled to recovery at such time as her services were rendered to the defendant.

This Court has held that "[o]n a claim for quantum meruit, plaintiff is entitled to recover the fair and reasonable value of his services." *O'Bryan Construction Co.* v. *Boise Cascade Corp.,* 139 Vt. 81, 89, 424 A.2d 244, 248 (1980) (citing *Whitney* v. *Lea,* 134 Vt. 591, 594, 367 A.2d 683, 685 (1976)). The trial court, in rendering judgment for the plaintiff in the present case, concluded the fair and reasonable value of plaintiff's services was $36,400.00. The trial court's entry of judgment in the amount of $25,300.00 was therefore inadequate. However, because the plaintiff neither moved to amend the findings of fact, conclusions of law and order, pursuant to V.R.C.P. 59, nor filed a cross-appeal concerning the amount of

damages awarded by the trial court, we will not, sua sponte, modify the amount of damages awarded below.

*Affirmed.*