# STATE OF VERMONT

# ENVIRONMENTAL COURT

In re: Appeal of Bernard Roy }
and Marjorie Gobrecht-Roy }
} Docket No. 150-9-96 Vtec
}
}

Decision and Order

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Georgia denying their applications for conditional use approval, a variance, and a sewer permit. Appellants are represented by Marsha Smith Meekins, Esq.; the Town is represented by Joseph S. McLean, Esq. Predecessors in title Roderick and Lucille Kell initially entered their appearance as interested persons, but have not actively participated.

The Statement of Questions stated in full as follows:

1. Under the Town of Georgia's Zoning Regulations in effect in 1993, were Appellants required to apply for any type of permit when they began to occupy the premises on other than a part time basis?
2. If a permit was required, did the Town have in effect any valid and enforceable regulations applicable to Appellant's septic system and if so, which regulations applied?
3. If a permit was required and the Town had any regulations applicable to Appellant's lot, does the septic system design proposed by the Appellants meet the applicable regulations?

Question 1 as stated in the Statement of Questions was entirely answered by the Supreme Court's decision that " a change in use from a camp to a single family dwelling must be reviewed and approved as a conditional use under the [1988] ordinance" in effect in 1993. This Court's findings after an evidentiary hearing on Question 1, as also reflected in the Supreme Court decision, were that the July 1993 property transfer marked the date that the property was changed to year-round primary residence use, even though Reine Gobrecht occupied the property from time to time in the winter and it was ' suitable' for year-round use as of at least 1982. The Supreme Court rejected this Court's interpretation of the phrase in the zoning ordinance defining a camp as a property " suitable for seasonal or temporary living," and ruled that it included a property, such as this one, ' suitable' for year-round residential use but only in fact used seasonally.

Appellants now argue that they should be allowed to show that the so-called change in use from camp to year-round use occurred earlier than the enactment of the 1988 ordinance, and that under the earlier ordinance, no such permit was required. That argument was not raised in the Statement of Questions and cannot now be raised here. On the other hand, the Town now argues

that as Appellants had filed their application for the conditional use permit after the 1994 regulations took effect, the 1994 regulations should be applied to their application, even though the test for whether a permit was required at all was applied as of the 1993 date of the change of use. As the Town did not cross-appeal, the Town' s argument also was not raised in this appeal and cannot now be raised here. Village of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993).

As the Supreme Court has ruled that Appellants' change of use as of 1993 obligated them to obtain a permit in under the regulations in effect in 1993, we must proceed to determine Appellants' application for a conditional use permit under the regulations in effect in 1993, and to address Questions 2 and 3 of the Statement of Questions: whether in 1993 the Town had in effect any valid and enforceable regulations applicable to Appellants' septic system and, if so, whether the septic system design proposed by Appellants meets the applicable regulations.

We will hold a telephone conference on March 1, 2002 to set this matter for any remaining evidentiary hearing. As before, we will not expect the Kells to participate in the conference; if they would like to do so, they should advise the Court at 802-479-4486 and provide a telephone number at which Court may reach them for the conference.

Done at Barre, Vermont, this 15th day of February, 2002.

_____
Merideth Wright
Environmental Judge