**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| In re: Chipman Hill Estates PUD | } | Docket No. 39-2-06 Vtec |
| (Appeal of Baker & Johns) | } | |
| | } | |

**<u>Decision and Order on Pending Motion to Dismiss</u>**

This matter concerns an appeal filed by Patricia Baker and Yvonne Johns from a decision of the Town of Middlebury Planning Commission (Planning Commission), approving Appellee-Applicant Co-operative Insurance Companies' (Co-operative) application to amend the Chipman Hill Estates Planned Unit Development (the PUD) northerly of Washington Street Extension. Co-operative is represented in this proceeding by Willem Jewett, Esq.; Appellants are represented by James W. Runcie, Esq.; the Town of Middlebury (Town) is represented by Karl W. Neuse, Esq.

Appellants previously appealed from the Planning Commission's decision approving Co-operative's two-lot subdivision of an adjacent 80.3-acre parcel to the northeast, see <u>In re Appeal of Baker & Johns,</u> Docket No. 200-10-04 Vtec (Vt. Envtl. Ct., Sept. 27, 2005). In that proceeding, by decision dated September 27, 2005, the Court granted in part Co-operative's motion for summary judgment by determining that Co-operative's two-lot subdivision was in conformance with all applicable subdivision regulations, but found material facts remained in dispute as to the proposed subdivision's access, as required by 24 V.S.A. § 4412(3) (2006). The remaining proceedings in Docket No. 200-10-04 Vtec were stayed pending the outcome of this proceeding.

In the previous decision, we found that the Planning Commission failed to include in its notice for the public hearing that it would also consider whether the PUD at issue in this appeal could be amended to permit access to the adjacent two-lot

1

subdivision through the PUD from Colonial Drive.  We remanded the so-called "access issue" to the Planning Commission so that a properly warned hearing could be conducted on the issue of whether the PUD could be amended by changing the status of PUD Lots 7 and 8 to construct the sixty-foot-wide access drive to the adjacent two-lot subdivision, as required by 24 V.S.A. § 4412(3).

The Planning Commission below approved Co-operative's application for a PUD amendment on January 29, 2006.  Appellants filed their notice of appeal of the Planning Commission's approval of the PUD amendment on February 28, 2006, and subsequently filed a Statement of Questions containing seven Questions on March 20, 2006.

On March 27, 2006, Co-operative moved to dismiss Questions 2 through 7 of Appellants' Statement of Questions for failing to state a claim upon which relief may be granted, pursuant to V.R.C.P. 12(b)(6).  Additionally, Co-operative has moved for a more definitive statement of Appellants' Question 1, which asks, "Did the Middlebury Planning Commission err in amending or modifying the Chipman Hill Estates PUD to permit a right-of-way[1] from Colonial Drive to Lot A of the proposed subdivision?" Appellants filed their Memorandum in Opposition on April 3, 2006.  We address the latter issue first.

## Motion for a More Definitive Statement

While not specifically admitting that their first question is too broad or unclear, Appellants presented some clarification for Question 1 of their Statement of Questions in their Memorandum in Opposition.  Appellants allege that the Planning Commission did not properly consider all of the factors required to amend the Chipman Hill Estates

---

[1] As stated in our September 27, 2005 decision, the proposed access is often referred to as a "right-of-way" or "easement," although the use of these legal terms may not be appropriate, given that the land over which the rights-of-way pass, while a separate set of lots, are all owned by Co-operative.  "Easement" or "right-of-way" is not usually the terms used when the servient and dominant estates are owned by the same entity.

PUD, particularly the changing of restrictions on the development of Lots 7 and 8, as well as the factors enumerated in the Town of Middlebury Zoning Ordinance §§ 540(C)(1) (relating to the "character of the area affected" factor in conditional use review), 550(III)(a) (regarding whether "visual and aural privacy for residents" of the PUD is ensured by the PUD amendment at issue here), 550(III)(d) (concerning whether the PUD amendment meets open space requirements), and 550(III)(e) (relating to whether the PUD amendment is "an efficient and unified treatment of the development possibilities of the site" and whether the amendment meets other design requirements). The Court appreciates Appellants' candor in clarifying Question 1 and will address the merits of that question in future proceedings. However, a more clear statement of Question 1 is needed to clarify the issues to be addressed at the merits hearing. Co-operative's motion for a more definitive statement is therefore GRANTED. Appellants are to file an amended Question 1 of their Statement of Questions within fifteen (15) days. Failure to do so will result in Question 1 being dismissed. See V.R.C.P. 12(e).

## Motion to Dismiss

In the interest of judicial economy and fairness to the parties, the Court would have liked to resolve all issues in this appeal on motion for summary judgment, as permitted by V.R.C.P. 12(b) and 56. See Welch v. Home Two, Inc., 172 Vt. 632, 632 n.2 (2000). However, while the parties allude to facts in either their motion or memorandum in opposition, neither party has provided documents or affidavits regarding those facts sufficient to convert the motion to dismiss to a motion for summary judgment. Therefore, we are left with Co-operative's motion to dismiss Questions 2 through 7. We will address each one in turn.

Appellants' Question 2 asks whether the Planning Commission erred in deciding that Lot B could also be accessed from the proposed right-of-way. For the reasons more

3

particularly stated below, we find that this question is not appropriate for our review here.

There are two bases for our determination that this Question if not appropriate for our review. First, since we are called upon to review this appeal on a de novo basis, our responsibilities are to determine the material facts, based upon the evidence presented, and apply the applicable law "anew." We are not asked to (and should not) pass judgment on whether the Planning Commission "erred" in the manner or substance of its decision. Since Appellants' Question 2 solely asks the latter, we should dismiss it as improperly stated. But we believe it important to address Appellants' Question 2 on its implied substance as well.

Appellants' Question 2 appears to ask us to address an issue relating to the proposed subdivision—Lot B. However, this appeal concerns a related but separate issue of the amendment to the permitted PUD. While the purpose of the PUD amendment is to provide access to the proposed subdivision, our analysis in this appeal is limited to the impacts caused by the requested amendment to the Chipman Hill PUD, and not the possible future impacts of a subdivision of land adjoining that PUD. The question of the appropriateness of the proposed access to the two-lot subdivision will be considered at the merits hearing for Docket No. 200-10-04 Vtec, as ordered by our September 27, 2005 Decision, but questions concerning that separate two-lot subdivision are not appropriate here. Question 2 in this appeal must therefore be dismissed.

Appellants' Question 3 asks whether the Planning Commission erred in approving a subdivision when Lot A would have no direct access to Washington Street Extension. Like Question 2, this question is not appropriate for our review in this proceeding, as it relates to whether the Commission "erred" and whether the approval of the proposed two-lot subdivision was appropriate. This question may be considered at the merits hearing on Docket No. 200-10-04 Vtec, but not in this appeal. Appellants' Question 3 is therefore also dismissed.

Appellants' Question 4 asks whether the Planning Commission erred in failing to consider future development of Lot A when evidence of intent to develop was presented. To the extent that this Question asks us to review the future use of a proposed subdivision adjacent to, but separate from the PUD now before us, it is not appropriate for our review in this proceeding. We discussed the appropriateness of considering possible future plans for the development of one of the two subdivided lots in our September 27, 2005 Decision in Docket No. 200-10-04 Vtec. Any question seeking review of possible future uses for an undeveloped parcel that have not yet been proposed or submitted for review in a permit proceeding is not appropriate. See In re Taft Corners Assocs., 171 Vt. 135, 141 (1991). Such a question is even less appropriate in this proceeding.

While "subdivision review is not intended to police prospective uses of the subdivided lots," Taft Corners, 171 Vt. At 141, we recognize that a "planned unit development is intended, in part, 'to merge zoning and subdivision requirements.'" In re Appeal of 232511 Investments, Ltd. d/b/a Stowe Highlands, 2006 VT 27, ¶ 11 (citing In re Stowe Club Highlands, 164 Vt. 272, 276 (1995)). As such, the consideration of the effect of the existence of the right-of-way on the PUD is appropriate in proceedings to amend PUDs. Our consideration here, however, must be limited exclusively to the possible effects of the right-of-way on the PUD lands, as provided by the Town's Zoning Ordinance §§ 540(C)(1), 550(III)(a), 550(III)(d) and 550(III)(e). The Taft Corners precedent prohibits us from considering the possible effects of future uses not yet proposed for the adjacent subdivided lots, nor can we consider here the effect of any alleged future use of the right-of-way itself, for the very simple reason that such uses have not yet been developed, proposed or authorized through the municipal permitting process.

Our review in this proceeding must be limited solely to the effect on the PUD of the mere existence of the right-of-way for the two undeveloped subdivided lots. As

5

Appellants' Question 4 asks us in this PUD amendment proceeding to consider the effect of possible future uses for the subdivided lots, we conclude that such a question is not appropriate for our consideration here. Question 4 must therefore be dismissed.

Appellants' Question 5 asks whether the Planning Commission erred in approving the right-of-way serving the subdivision. Like Questions 2 and 3, this question is not appropriate for our review in this <u>de novo</u> proceeding, particularly as it relates to the approval of the proposed two-lot subdivision. The issue of approving the proposed subdivision's access right-of-way is a ministerial action by the zoning administrator, so long as the proposed right-of-way meets the standards of the Town's zoning ordinance and subdivision regulations, and therefore may be considered in the merits hearing ordered by our September 27, 2005 Decision, but not in this proceeding. Question 5 must therefore be dismissed.

Appellants' Question 6 asks whether the Planning Commission erred in its findings of fact, conclusion and order. Appellants clarified this admittedly broad question in their Memorandum in Opposition. In light of this clarification, we find that the notice of the public hearings on the PUD amendment to be sufficiently clear so as to notify the public as to a potential change in the status of Lots 7 and 8.

The public notice stated that the Commission would consider "[t]he application of Co-operative Insurance Companies to amend or modify [the PUD] as follows: to remove the restrictions placed on Lots 7 and 8 by a Planning Commission decision dated March 14, 1979 . . . ." This statement in the Town's notice conveyed to the parties, interested persons, and the general public that the previously imposed restrictions requiring that Lots 7 and 8 remain as open space were at issue in the scheduled public hearing. Since we find that the uncontested evidence shows that the notice was clear, this portion of Question 6 should be dismissed. All other issues raised by Question 6 were previously raised by Appellants' Question 1 and are already properly before the Court. Thus, the balance of Question 6 should be dismissed as well.

Appellants' Question 7 asks whether the Planning Commission should have required that any right-of-way serving the proposed two-lot subdivision be in a different location. The location of the right-of-way serving the proposed subdivision is not at issue here, but it may be considered in the merits hearing ordered by our September 27, 2005 Decision. At issue in this proceeding is whether the PUD can be amended to provide access to the proposed two-lot subdivision, based on the specific location of the proposed access presented in Co-operative's PUD amendment application. While this appeal is <u>de novo</u> before the Court, the Court is limited to the PUD amendment application presented to the Planning Commission below. See <u>Village of Woodstock v. Bahramian</u>, 160 Vt. 417, 424 (1993). Thus, we are charged solely with determining whether the application presented to us in this proceeding is in conformance with the applicable provisions of the Ordinance. Whether alternatives to the plan proposed by an applicant are available is beyond the scope of the specific case or controversy now before us. To opine on such alternatives is beyond the authority of this Court. See <u>Cupola Golf Course, Inc. v. Dooley</u>, 2006 VT 25, ¶ 11 (stating that "the judiciary is not empowered to render advisory opinions. Courts are not permitted to dispose of the merely hypothetical."). We do not intend to knowingly violate this mandate and therefore will dismiss Question 7.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Co-operative's motion for a more definitive statement is GRANTED. Appellants must file a replacement pleading within fifteen (15) days, clarifying Question 1 of their Statement of Questions. Failure to file a replacement Question 1 within the period prescribed will result in the dismissal of the sole remaining Question in this appeal.

Co-operative's motion to dismiss is GRANTED as to Questions 2, 3, 4, 5, 6, and 7. Those Questions are hereby DISMISSED because those Questions do not raise issues

appropriate for this Court's consideration in this appeal from the approval of a PUD amendment application.

Now that all but one Question is disposed of by Co-operative's motions, we hereby VACATE the stay on the proceedings in Docket No. 200-10-04 Vtec. Pursuant to V.R.E.C.P. 2(b) and the above dismissal of the majority of Questions in Appellants' Statement of Questions, we hereby CONSOLIDATE Docket Nos. 200-10-04 Vtec and 39-2-06 Vtec, concerning Co-operative's proposed subdivision and the amendment of the Chipman Hill Estates PUD, for a joint hearing on the merits of Question 1 in Docket No. 39-2-06 Vtec and the remaining factual issues not disposed of by our September 27, 2005 Decision in Docket No. 200-10-04 Vtec.

A pre-trial conference will be held by telephone pursuant to the Notice of Hearing which accompanies this Order. At that conference, the parties and their counsel should be prepared to discuss the scheduling of a trial on the merits of this matter in late July, 2006.

Done at Berlin, Vermont, this 15th day of May, 2006.

_____

Thomas S. Durkin, Environmental Judge