STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Smith NOV Appeal | } | Docket No. 117-5-06 Vtec |
| | } | |

### Decision on Motion for Injunctive Relief and Monetary Penalties

Appellant Dennis Smith has filed appeals from the dismissal of his challenge to a Notice of Violation (Docket No. 117-5-06 Vtec) and denial of his application for site plan approval (Docket No. 74-4-06 Vtec). This Court has jurisdiction over these municipal appeals pursuant to Rule 5 of the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.). Now pending before the Court is the Town of Wallingford ("Town") motion for injunctive relief and monetary penalties, including attorney fees, in Docket No. 117-5-06 Vtec.[1] Appellant opposes that motion.[2]

Appellant is represented by John H. Bloomer, Jr., Esq.; the Town is represented by John S. Liccardi, Esq.; interested persons George and Jill Burkett are represented by Stephanie A. Lorentz, Esq.; and interested person Karen Lamay represents herself.

### Procedural History

Appellant first applied, on December 8, 2005, for site plan approval to move a construction business to his property at 2243 U.S. Route 7 (Application No. 05-69). The Town of Wallingford Planning Commission ("Planning Commission") held a hearing, determined that the application was incomplete and notified Appellant that he would need to submit a more thorough application. On February 7, 2006, Appellant submitted Application No. 06-10 to the Zoning Administrator, again seeking site plan approval to move the construction business. The Planning Commission held a hearing on Application No. 06-10 and issued a written decision on March 17, 2006, finding that the application was again incomplete. As a consequence of this determination, the Planning Commission denied Appellant's second application. Appellant

---

[1] The Town has only filed its pending motions in the notice of violation appeal (Docket no. 117-5-06 Vtec). Appellant makes reference in the caption of his memoranda in opposition to both the notice of violation appeal and the site plan appeal (Docket No. 74-4-06 Vtec). We regard the motion as having only been filed in the former appeal and not the latter appeal.

[2] The Town has also filed a motion for summary judgment in Docket no. 117-5-06 Vtec, which the Court will address in a separate decision that follows this decision.

thereafter appealed the Planning Commission denial to this Court, which is now the subject of Docket No. 74-4-06 Vtec.

On March 29, 2006, the Town of Wallingford Zoning Administrator issued a Notice of Violation to Appellant, citing two alleged violations. The first referenced violation was for changing the use of Appellant's Route 7 property to a contractor's yard without first obtaining a change of use permit, as required by the Town of Wallingford Zoning Regulations ("Regulations"). The second referenced violation was for filling in an area that is considered floodway, in violation of the Town of Wallingford Flood Plain Management Ordinance ("Flood Plain Ordinance"). Appellant filed a timely appeal[3] of that decision on April 12, 2006. The Wallingford Zoning Board of Adjustment ("ZBA") held a hearing on the appeal on April 27, 2006. However, Appellant did not appear at that hearing. The ZBA thereafter issued a written decision "to vacate . . . and dismiss" his appeal on May 2, 2006.

Appellant filed timely appeals of both the Planning Commission decision denying site plan approval (Docket No. 74-4-06) and the ZBA decision dismissing and vacating his appeal of the NOV (Docket No. 117-5-06). In Docket No. 117-5-06, the Town filed a Verified Motion for Order to Cease and Desist, seeking injunctive relief in the form of an order requiring (1) immediately cessation all business activities related to LMS Construction and any other business not connected with Mill River Auto Sales on the Route 7 parcel; (2) immediate removal of any and all vehicles, equipment, machinery and property from the Route 7 parcel except that connected with Mill River Auto Sales; and (3) monetary penalties and payment of reasonable legal fees in the event of continuing violations of the order. To date, the Town has not initiated an enforcement action in this Court based upon either of the violations alleged by the Zoning Administrator on March 29, 2006.

### Discussion

Disposition of the Town's motion requires a brief analysis of the jurisdictional limits governing this Court. The Vermont Legislature conferred on this Court the jurisdiction to hear various types of cases, all of which have been codified in the Vermont Rules for Environmental

---

[3] Appellant filed his appeal on a Town supplied form entitled "Appeal of Zoning Administrator's Decision." Exhibit C to the Town's motion is a copy of the Appeal form Appellant completed and submitted to the ZBA. Appellant's completed Appeal form appears to only reference the Zoning Administrator's allegation that Appellant violated the Flood Plain Ordinance; there is no reference to the allegation of a change of use violation of the Regulations.

2

Court Proceedings. In some cases, our jurisdiction is original, see V.R.E.C.P. 3, and in some cases, it is appellate, see V.R.E.C.P. 5. In the case of the former, under V.R.E.C.P. 3, a municipality can file with this Court an original civil action to enforce its bylaws or zoning regulations. In such actions, the municipality may recover fines and penalties, including those based upon the costs incurred in securing compliance with the zoning regulations. See V.R.E.C.P. 3(5) & (6).

The statutory basis for these enforcement actions are 24 V.S.A. §§ 4451 and 4452. Section 4451 provides, in relevant part, that

> Any person who violates any bylaw after it has been adopted under this chapter or who violates a comparable ordinance or regulation adopted under prior enabling laws shall be fined not more than $100.00 for each offense. No action may be brought under this section unless the alleged offender has had at least seven days' warning notice by certified mail. An action may be brought without the seven-day notice and opportunity to cure if the alleged offender repeats the violation of the bylaw or ordinance after the seven-day notice period and within the next succeeding 12 months….

Section 4452, in turn, states:

> If any street, building, structure, or land is or is proposed to be erected, constructed, reconstructed, altered, converted, maintained, or used in violation of any bylaw adopted under this chapter, the administrative officer shall institute in the name of the municipality any appropriate action, injunction, or other proceeding to prevent, restrain, correct, or abate that construction or use, or to prevent, in or about those premises, any act, conduct, business, or use constituting a violation. <u>A court action under this section may be initiated in environmental court, or as appropriate, before the judicial bureau, as provided under section 1974a of this title.</u>

24. V.S.A. § 4452 (emphasis added.)

The Town has not yet initiated an action in this Court as authorized by 24 V.S.A. § 4452. The currently pending appeals, Docket Nos. 74-4-06 Vtec and 117-5-06 Vtec, were filed pursuant to V.R.E.C.P. 5, which allows an interested party with standing to appeal to the Environmental Court "from an act or decision of an appropriate municipal panel pursuant to 24 V.S.A. §§ 4471 [and] 4472."

As noted in the text of the Rule 5, when presiding over an appeal brought under Rule 5, this Court is acting in an appellate capacity, which confers only limited jurisdiction. See <u>In re Appeal of Jolley Assocs.</u>, 2006 VT 132, ¶ 9 (quoting <u>In re Garen</u>, 174 Vt. 151, 156 (2002)).

3

Thus, the Environmental Court cannot consider issues beyond those included in the statement of questions filed by a proper appellant. See Village of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993) (noting that trial court has "no power" to consider issues not raised by appellant in statement of questions).

Here, the only issues preserved for this Court's review in either of the pending appeals are whether the site plan application should have been approved and whether the NOV should have been issued. In its pending motion, the Town requests injunctive relief under V.R.E.C.P. 3 and 24 V.S.A. § 4452. However, such relief is beyond the jurisdictional authority conferred upon this Court by the pending appeals.

The Town has yet to commence "an action" against Appellant pursuant to 24 V.S.A. § 4452 and V.R.E.C.P. 3, which is the only basis by which this Court would have jurisdiction to order the relief the Town now seeks. We are confined in Docket No. 117-5-06 to hearing issues within the scope of Appellant's Statement of Questions. Those Questions relate to the propriety of the notice of violations issued by the Zoning Administrator and upheld by the ZBA. The question of whether the Town is entitled to injunctive relief or monetary damages is not the subject of either pending appeal. The issues raised by the Town's motion, including its requests for injunctive relief and monetary penalties, may only be properly addressed in an enforcement action, which the Town has yet to file with this Court. The Town's requests for such relief are therefore outside the scope of the jurisdiction the Court has in the pending appeals.[4]

For the foregoing reasons, Appellee's Verified Motion for Order to Cease and Desist is hereby **DENIED**.

Done at Berlin, Vermont this 18th day of December, 2006.

_____
Thomas S. Durkin, Environmental Judge

---

[4] Nothing contained in this Decision should be read to prohibit the re-filing of the Town's motion in an enforcement action filed with this Court as some future date.

4