**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
## E N T R Y  R E G A R D I N G  M O T I O N
======================================================================

**In re Northeast Materials Group, LLC**                    **Docket No. 35-3-13 Vtec**

Title: Motion to Amend Statement of Questions (Filing No. 6)

Filed: May 24, 2013

Filed By: Appellants Neighbors for Healthy Communities

Response in Opposition filed on 6/7/2013 by Applicant North East Materials Group, LLC

Reply filed on 6/24/2013 by Appellants


  X  Granted                    ___Denied                    ___ Other


This pending case (the asphalt plant appeal) concerns a permit that the Act 250 District 5 Environmental Commission (the District Commission) issued to North East Materials Group, LLC (NEMG) for a hot mix asphalt plant within the Rock of Ages Quarry (the Quarry) in Barre Town, Vermont (the Town). In a separate docket (the JO appeal), Appellants Neighbors for Healthy Communities (Appellants) challenged the District Commissioner's finding in a Jurisdictional Opinion (JO) that a rock crusher installed at the Quarry in 2008 did not constitute a substantial change to a development in existence prior to Act 250 and therefore did not require an Act 250 permit. Question 11 of Appellants' Statement of Questions in the JO appeal asked whether "impacts from the crushers[1] should be included in the review of NEMG's Act 250 Application for a proposed asphalt plant." This Court dismissed that question from the JO appeal, because the question is "properly raised within the review of the application itself and in related appeals of any resulting determinations." In re North East Materials Grp., LLC, No. 143-10-12 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. May 9, 2013). Appellants now seek to amend their Statement of Questions in the asphalt plant appeal to add Question 11 from the JO appeal. The question currently before the Court at this preliminary stage is not whether Appellants' question has merit, but merely whether this Court should permit Appellants to amend their filing to pose the question in this de novo appeal.

An appellant must file its Statement of Questions within 20 days of filing its notice of appeal and "may not raise any question on the appeal not presented in the statement [of questions] as filed" unless the Court so orders. V.R.E.C.P. 5(f); see, e.g., Vill. of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993); In re Roderiques Variance Appl., No. 212-9-08 Vtec, slip op. at 7, 10 (Apr. 27, 2010) (Durkin, J.). As a general matter, this Court liberally grants motions to amend a Statement of Questions. In re Ridgewood Estates Homeowners Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J.) (citing Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.)). We look to the same concerns as the Civil Division does when determining whether to grant a motion to amend a complaint; that is, we consider if there has been undue delay or bad faith by the moving party, whether the other parties will be prejudiced, and whether the amendment will be futile. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1; In re Huntington Remodeling Appl.,

---

[1] It is unclear from the question to which particular "crushers" Appellants refer.

No. 210-10-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Nov. 5, 2008) (Durkin, J.). As the Vermont Supreme Court has stated:

> The principal reasons underlying the liberal amendment policy are (1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense, and (3) to enable a party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings."

Colby v. Umbrella, Inc., 2008 VT 20, ¶ 3, 184 Vt. 1.

Appellants filed their notice of appeal on March 27, 2013, their original Statement of Questions on April 16, and their motion to amend on June 7. This Court does not discern undue delay in Appellants' request to add a question less than three months after the filing of the notice of appeal when this docket is still in its pre-discovery phase. Compare with Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 4 (denying a party the opportunity to amend its Statement of Questions when such amendment was sought after summary judgment had been issued against that party and when the timing appeared to include a tactical decision). Applicant has also made no clear showing that it will be prejudiced by the addition of issues at this early stage of the litigation. Prejudice may exist, for example, where a motion to amend was submitted after trial, after a statement of questions had already been amended, or after a motion for summary judgment was denied. In re Huntington Remodeling Application, No. 210-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Nov. 5, 2008) (Durkin, J.) (internal citations omitted). Finally, Applicant has not alleged that Appellants acted in bad faith in omitting the question about the rock crushing activity from their original Statement of Questions in the asphalt plant appeal.

Rather, Applicant appears to argue that the amendment would be futile because the proposed question would not survive a motion to dismiss for lack of subject matter jurisdiction, although Applicant has not made such a motion. Specifically, Applicant argues that because Appellants did not ask the District Commission to consider impacts from the crushing operation during the asphalt plant application hearing, this Court lacks subject matter jurisdiction over the issue.[2] Appellants do not contest Applicant's assertion that they did not raise the issue of crushing operation impacts in the asphalt plant application hearing below. Instead, they argue that the question legitimately poses a new legal issue that Appellants are not barred from raising at a trial de novo[3] before this Court.[4]

---

[2] We do not address Applicant's additional argument that a District Coordinator's decision that an application is complete is "discretionary, legally binding, and unappealable." (Applicant's Resp. to Appellants' Mot. to Amend Statement of Questions at 1, filed June 7, 2013.) Regardless of whether a completeness determination is independently appealable as such, we do not see how the District Commissioner's determination that an application simply contains enough information under Act 250 Rule 10(B) for the Commission to begin its review process would bar concerned citizens from questioning the sufficiency of an applicant's evidentiary presentation during that review process.

[3] Appeals of Act 250 permits shall be "by trial de novo" before this Court pursuant to V.R.C.E.P. 5(g).

[4] Appellants additionally argue that they timely raised the question insofar as they attempted to raise it in their appeal of the JO determination. We disagree. As stated in our prior ruling, the JO determination was not the proper venue for raising the question of whether the District Commission considering the asphalt plant application should additionally take into account the effects of the previously-installed crushers. In re North East Materials Grp., LLC, No. 143-10-12 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. May 9, 2013).

Here, Appellants seek to add a question that will require this Court to determine if crushing activities should be considered in the Act 250 review of the asphalt plant application.[5] If this Court were to find that (1) the crushing impacts should be considered, and (2) the consideration of the impacts would effectively result in substantial and material changes the original application, we would be forced to remand the case to the District Commission. In re Sisters & Brothers Inv. Grp., 2009 VT 58, ¶ 21, 186 Vt. 103. "[T]ruly substantial changes to the form or type of an application do require remand." Id. (citing In re Torres, 154 Vt. 233, 236 (1990)). No step in this scenario is beyond our subject matter jurisdiction.

Applicant repeatedly argues that the crushing activity is distinct from the asphalt plant and had been occurring for years before Applicant proposed the plant. This argument goes to the merits of this case and of the related JO appeal currently pending before the Court in Docket No. 143-10-12. At this preliminary stage of the proceedings, Applicant has not proven that the question that Appellants seek to add would be futile. We therefore **GRANT** Appellants' motion to amend their Statement of Questions.

_____          _____July 2, 2013_____
          Thomas G. Walsh, Judge                              Date

====================================================================================

Date copies sent: _____                         Clerk's Initials: _____

Copies sent to:

   David Ahlers, Esq., Attorney for Appellants Neighbors for Healthy Communities

   James P. W. Goss, Esq. and Alan P. Biederman, Esq., Attorneys for Applicant North East Materials Group, LLC &
   Rock of Ages Corporation

   Elizabeth Lord, Esq. and Elaine O'Grady, Esq. for interested person Agency of Natural Resources

   Melanie Kehne, Esq. for interested person Natural Resources Board / Land Use Panel

   Interested person Barre Housing Authority

---

[5] Whether or not Appellants raised this argument to the District Commission below is irrelevant in this de novo appeal. As in de novo municipal appeals, parties in a de novo appeal of a District Commission decision before this Court are not limited in their legal arguments to those raised in the proceedings below. See In re Irish Const. Appl., No. 44-3-08 Vtec (Vt. Envtl. Ct. Apr. 6, 2008) (Durkin, J.). Applicant's claim that Appellants' proposed question is anything other than a new legal argument is unpersuasive.