# STATE OF VERMONT

SUPERIOR COURT                                     ENVIRONMENTAL DIVISION
Vermont Unit                                        Docket No. 55-4-14 Vtec

---

| Eagles Place, LLC Construction Application |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for Interlocutory Appeal (Motion 6)
Filer:          Ronald Wanamaker
Attorney:       Pro Se
Filed Date:     January 22, 2015

Response filed on 02/02/2015 by Attorney Mark G. Hall for Appellant Eagles Place, LLC
        Opposition

**The motion is DENIED.**

Currently before us is a motion filed by twelve City of Burlington residents (Intervenors) requesting permission to file an interlocutory appeal of our January 12, 2015 decision pursuant to Rule 5(b) of the Vermont Rules of Appellate Procedure. Appellant Eagles Place, LLC opposes the motion.

Eagles Place, LLC applied for a permit from the City of Burlington Development Review Board (DRB) for redevelopment of the existing former Eagles Club building, located at 194 St. Paul Street, into a six-story apartment building with ground-level commercial retail space. The DRB denied the application in a 31 page written decision issued on April 3, 2014. The DRB decision contained a number of express positive findings, but ultimately denied the application based on a number of adverse findings. Eagles Place, LLC appealed that decision to this Court.

In earlier stages of this appeal, Eagles Place, LLC reached agreements resolving disputed issues with the City of Burlington and Allan S. Hunt and Frank Von Turkovich. The Intervenors continue to oppose the issuance of a permit to Eagles Place, LLC and, through their designated spokesperson Ronald Wannamaker, moved to clarify the scope of the trial and requested an order from this Court allowing them to raise any issues in defense of the DRB's denial. In our January 12, 2015 decision, we denied Intervenors' request, including the right to raise defenses that are outside of Eagles Place, LLC's Statement of Questions. Intervenors now request permission to appeal that issue to the Vermont Supreme Court.

Under V.R.A.P. 5(b), we are to grant a party permission to appeal an interlocutory order of this Court if we reach three conclusions: (1) the order "involves a controlling question of law;" (2) the question of law is one in which "there exists substantial ground for difference of

opinion;" and (3) "an immediate appeal may materially advance the termination of the litigation."

Although the order to be appealed must meet all three criteria, the criteria are to be treated as the statutory "equivalent of a direction to consider the probable gains and losses of immediate appeal." In re Pyramid Co. of Burlington, 141 Vt. 294, 302 (1982) (quoting 16 C. Wright, A. Miller, e. Cooper, & E. Gressman, Federal Practice and Procedure § 3930 (1977)).

To aid our analysis, we succinctly state the question of law at issue in this motion: In a de novo proceeding may an interested party raise, and may the Environmental Division consider, issues or questions that are outside of the appellant's Statement of Question?

The first criteria required for this Court to grant an interlocutory appeal is that the matter at issue be a controlling question of law. A controlling question of law is one that deals solely with substantive issues of law. See Pyramid Co., 141 Vt. at 303. An answer to a controlling question of law will, at a minimum, have an immediate effect on the course of litigation and save resources to either the court system or the litigants. Id. In this case, the above question deals with the scope of the Court's review during the upcoming merits hearing scheduled for March 4, 2014. If the question at issue is answered in the affirmative, the Court's review will be expanded beyond the three questions raised by Eagles Place, LLC in its Statement of Questions. Therefore, we conclude that the question at issue in this request for permission to take an interlocutory appeal involves a controlling question of law.

The next question is whether there is substantial ground for difference of opinion regarding the question. In de novo appeals, the Court's jurisdiction is defined by, and confined to, the issues raised in the appellant's statement of questions. V.R.E.C.P. 5(f); In re Garen, 174 Vt. 151, 156 (2002). "Issues not preserved by an appellant's statement of questions are outside this Court's jurisdiction." In re Pierce Woods PRD and Subdivision Application, Docket No. 33-2-06 Vtec, slip op. at 6 (Vt. Envtl. Ct. Feb. 28, 2007) (Durkin, J.). In de novo appeals from a municipal panel, the Court is empowered to do whatever the municipal panel might have done with an appeal before it. In re Torres, 154 Vt. 233, 236 (1990). The scope of the Court's review, however, is limited to only the issues preserved by the appellant's statement of questions and issues intrinsic to those questions raised in the Appellant's statement of questions. In re Jolley Assocs., 181 Vt. 190, 194 (2006). Issues that were decided by a municipal panel that are not raised in an appellant's statement of questions are not subject to re-argument on appeal. Village of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993).

In the current appeal, Intervenors did not file a cross-appeal or otherwise seek to preserve questions for appeal in addition to those raised by Eagles Place, LLC. Thus, the only questions preserved for appeal are those contained in Eagle Place, LLC's Statement of Questions. Based on the well-established law discussed above, we conclude that the question at issue in the present motion is not one about which reasonable appellate judges could have differing opinions. See Pyramid Co., 141 Vt. at 307.

The final issue is whether an immediate appeal will help to expedite the ultimate termination of the case. An immediate and final decision on the question at issue in this motion will not fulfill this condition. Our merits hearing on Eagles Place, LLC's 3 Questions is

scheduled for March 4, 2015, with March 5 reserved if the trial requires more than a single day. If we grant the motion for interlocutory appeal we will have to put off the merits hearing, causing significant delay in answering the questions that were timely raised by Eagles Place, LLC. Resulting delay is a strong reason for denying an interlocutory appeal when sought shortly before a scheduled trial. Furthermore, by denying the motion and hearing and deciding the case on its merits, our decision could be appealed to the Vermont Supreme Court and such appeal could include a challenge to our January 12 decision. If the Supreme Court then reverses our January 12 decision, finding that we were required to hear issues beyond Eagles Place, LLC statement of questions, then we will have additional days of merits hearing; however, our efforts and decision regarding Eagles Place, LLC's 3 Questions will remain valid. The litigation on Eagles Place, LLC statement of questions will not have to be repeated. With these possible scenarios in mind, and because we conclude that the issue is NOT one about which reasonable appellate judges could have differing opinions, we conclude that an immediate decision on this matter would not further timely termination of the litigation.

Based on our reasoning above, we conclude that this is not an exceptional case and the probable gains of an immediate appeal are not greatly outweighed by the potential delay caused by an interlocutory appeal. Accordingly, we **DENY** Intervenors' motion for permission to file an interlocutory appeal.

So ordered.

Electronically signed on February 04, 2015 at 02:18 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Mark G. Hall (ERN 2537), Attorney for Appellant Eagles Place, LLC
Kimberlee J. Sturtevant (ERN 4778), Attorney for Interested Person City of Burlington
Franklin L. Kochman (ERN 1682), Attorney for Interested Person Allan S. Hunt
Franklin L. Kochman (ERN 1682), Attorney for Interested Person Frank Von Turkovich
Interested Person Jacob H. Webster
Interested Person Anne Geroski
Interested Person Liisa Reimann Rivera
Interested Person Thomas Simon
Interested Person Margaret S. Mentes
Interested Person Ronald Wanamaker
Interested Person Norman Williams
Interested Person Jerrold Manock
Interested Person Marjorie Allard

Interested Person John (Jack) Mentes
Interested Person Dan Goltzman
Interested Person Lucy Totten
Interested Person Emily Lee